IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Judge Navin-Chandra Naidu, *et al.*, | Case No. 3:15 CV 2463 |
| Plaintiffs, | ORDER DISMISSING COMPLAINT |
| -vs- | JUDGE JACK ZOUHARY |
| Department of Homeland Security, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Pro se Plaintiffs Judge Navin-Chandra Naidu (who also bills himself as "Silver Cloud Musafir") and Donald Pierce, identifying themselves as "Enrolled Tribal Members" of the Yamassee Muscogee Tribe, bring this fee-paid action against the U.S. Department of Homeland Security ("DHS"), DHS Director Jeh Johnson, "Seven Unknown DHS Agents all calling themselves 'Bob,'" U.S. Attorney General Loretta Lynch, the United States Government, and, to cover all their bases, John Does 1–100.  Their aim: "To Enjoin Defendants Via Mandamus for Harassment; Obstruction of Tribal Business Operations; [and] Unlawful Seizure of Tribal Assets" (Doc. 1).  For the reasons stated below, the action is dismissed for lack of jurisdiction in accordance with *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## BACKGROUND

The Complaint alleges Defendants have wrongly "labeled and branded" Naidu as a terrorist, and wrongfully "stopped, searched and seized tribal assets" belonging to Pierce in connection with Defendants' surveillance of Naidu (Doc. 1 at 5).  DHS agents, whom Plaintiffs note all identified

themselves as "Bob," stopped Pierce at a gas station in November 2015 to search his car and interrogate him about Naidu. The Bobs expressed concern that Pierce was funding terrorism with money he was sending Naidu and seized certain tribal assets from Pierce, including cash and an iPad, which were later returned (Doc. 1-2 at 1–2, 7).

Plaintiffs insist Naidu is not a terrorist, but is "a practicing Christian, an ordained minister of the Gospel, a father, a grandfather, a lawyer, a teacher of the law, and a chief tribal judge" (Doc. 1 at 6), and claim Defendants' investigation of Naidu has interfered with Plaintiffs' tribal business. Specifically, they allege the "aspersions cast upon Chief Tribal Judge Naidu, and the search and seizure of Donald E. Pierce's vehicle is already known to the businessmen who are transacting tribal business" with Plaintiffs, and that "the seizure and subsequent release" of Pierce's tribal assets have "cast an unnecessary pall over [an] expected transaction where Plaintiffs have negotiated a lucrative bargain" for the purchase of certain unidentified "precious commodities" (*id*. at 7).

Plaintiffs seek mandamus relief compelling Defendants "to stop harassing, interfering and disturbing Plaintiffs' tribal business operations without just cause" (*id*. at 14).

### STANDARD FOR DISMISSAL

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court may dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner for lack of subject matter jurisdiction under Federal Civil Rule 12(b)(1) if the allegations in the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Under such circumstances, the complaint lacks "the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

2

## ANALYSIS

Mandamus jurisdiction in the federal courts is governed by 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under [S]ection 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011).

The Complaint is peppered with outlandish accusations and non sequiturs, including references to George Orwell, President Obama's foreign policy record, The Federalist Papers, Syrian refugees, the USA PATRIOT Act, and *Cooley on Torts* (specifically, the 1880 edition). The best this Court can discern, is that Plaintiffs' mandamus claim boils down to their assertion that Defendants owe them a duty under federal Indian law not to interfere with or intervene in their tribal business operations. Yet they identify no federal Indian law -- or any other federal law -- establishing (1) they have a clear right to the mandamus relief they seek, (2) Defendants have a clear duty to leave them alone, and (3) there is no other adequate remedy available to them in this context. Instead, they appear to argue that 18 U.S.C. § 1152 -- which extends the laws and punishments of the United States to Indian country while reserving for tribal courts exclusive jurisdiction over certain offenses

committed by and between Indians -- somehow prohibits the Government from investigating Plaintiffs.  This suggestion has no basis in reality.

Plaintiffs also contend Defendants owe Pierce a debt under 28 U.S.C. § 3002(3)(B). Plaintiffs proclaim Section 3002 "needs no further explanation, translation[,] or interpretation," and "shines bright" such that "Defendants have to be concerned of the sunburns" (Doc. 1 at 14).  But Defendants need not reach for their sun screen, as Section 3002 simply defines the term "debt" for purposes of federal debt collection procedure and has no bearing on Plaintiffs' rights under Indian law.

### CONCLUSION

Even liberally construed, Plaintiffs' allegations are totally implausible, attenuated, unsubstantial, and devoid of merit.  Accordingly, this action is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

February 23, 2016